[Cite as *In re M.B.*, 2011-Ohio-981.]

COURT OF APPEALS
GUERNSEY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

IN THE MATTER OF:

M.B., A.B., K.B., K.B.

JUDGES:
Hon. Sheila G. Farmer, P.J.
Hon. Julie A. Edwards, J.
Hon. Patricia A. Delaney, J.

Case No. 10CA000035

O P I N I O N

CHARACTER OF PROCEEDING:     Appeal from the Court of Common Pleas,
Juvenile Division, Case No. 09JC619

JUDGMENT:     Affirmed

DATE OF JUDGMENT ENTRY:     March 4, 2011

APPEARANCES:

For Appellant

MICHAEL GROH
919 Wheeling Avenue
Cambridge, OH  43725

For Appellee

AMBER D. WOOTTON
139 West 8th Street
P.O. Box 640
Cambridge, OH  43725

*Farmer, P.J.*

{¶1} On October 14, 2009, appellee, the Guernsey County Children Services Board, filed a complaint for temporary custody of M. B. born August 9, 1995, A. B. born June 15, 2001, K. B. born February 3, 2004, and K. B. born November 20, 2005, alleging the children to be neglected and/or dependent. Mother of the children is appellant, Christina Boles. Fathers are James Boles (M. B.), James Broadwater (A. B.), and Jack Taylor (K. B. and K. B.). Appellee had been involved with the family since March 19, 2009.

{¶2} A hearing was held on October 15, 2009. By journal entry filed October 23, 2009, the trial court found the children to be dependent, and granted temporary custody of the children to appellee.

{¶3} On March 23, 2010, appellee filed a motion for permanent custody based upon the parents' failure to comply with the case plan. Hearings were held on June 22, and September 14, 2010. By journal entry filed September 20, 2010, the trial court terminated the parents' parental rights and granted permanent custody of the children to appellee.

{¶4} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:

I

{¶5} "THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN TERMINATING THE PARENTAL RIGHTS OF CHRISTINA BOLES WITHOUT MAKING A CONSIDERATION OF THE ENUMERATED FACTORS OF O.R.C. § 2151.414 ON THE RECORD."

I

{¶6}   Appellant claims the trial court erred in awarding permanent custody of the children to appellee because the journal entry is devoid of any of the best interest factors enumerated in R.C. 2151.414(D)(1).  We disagree.

{¶7}   We note appellant does not challenge the trial court's finding of dependency, but only challenges the decision on best interests.

{¶8}   R.C. 2151.414(B)(1) enables a trial court to grant permanent custody if the court determines by clear and convincing evidence that it is in the best interest of the child.  "Clear and convincing evidence" is "that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established."  *Cross v. Ledford* (1954), 161 Ohio St. 469, paragraph three of the syllabus.

{¶9}   R.C. 2151.414(D)(1) sets out the factors relevant to determining the best interests of the child.  Said section states relevant factors include, but are not limited to, the following:

{¶10}  "(a) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster caregivers and out-of-home providers, and any other person who may significantly affect the child;

{¶11}  "(b) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;

{¶12} "(c) The custodial history of the child, including whether the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period***;

{¶13} "(d) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency;

{¶14} "(e) Whether any of the factors in divisions (E)(7) to (11) of this section apply in relation to the parents and child."

{¶15} Appellant argues the trial court's decision failed to make any findings of fact other than a passing reference to the testimony presented during the hearing. We note no request was made for findings of fact and conclusions of law pursuant to R.C. 2151.414(C).

{¶16} Admittedly, the trial court's September 20, 2010 journal entry is brief:

{¶17} "The case worker was sworn and testimony was presented into evidence. The GAL and the CASA Volunteer presented their reports and the parties were afforded the opportunity to cross examine the GAL and the CASA volunteer.

{¶18} "Based upon the evidence presented to a clear and convincing evidence standard this Court finds that the best interest of these children dictate that the motion should be granted, that these children should have some permanency in their lives and that they cannot or should not be returned to their parent's custody or none of the parents will be able to regain custody of these children within a reasonable period of time.

{¶19} "It is the order of this Court that all parental rights, privileges, and obligations of the parents with M.D., A.B., K.B., and K.B. are terminated as of the 14th day of September, 2010. The GCCS made reasonable efforts to reunite the children with their parents but the best interest of the children dictates that the Permanent custody of the children be placed with the GCCS so that the children may be placed for adoption."

{¶20} The trial court's decision found the children needed permanency in their lives (as appellee had been involved with the family since March of 2009), and they could not be returned to their parents within a reasonable amount of time. The trial court found this decision was supported by clear and convincing evidence.

{¶21} Father of M. B. never had case plan requirements as he was not a part of the family and suffered from several medical conditions that prohibited him from taking care of himself or a child. T. at 129. The remaining two fathers failed to complete the case plan. T. at 16, 54, 65, 137-141, 143-144, 146-148. Appellant also was non-compliant with the case plan, and she maintained inconsistent contact with appellee regarding visitation for a six month period. T. at 130-136, 145-146, 149. Appellee's caseworker opined that permanent custody was in the children's best interests:

{¶22} "A. At this time I believe it's in their best interest to remain in the custody of the agency, to be in the permanent custody of the agency and gain some permanency in their lives. This case has been open for 21 months. There has been no progress. In fact, the case - - the situation in the family has gotten worse as the case goes on and these children, they need some permanency. They need to know what tomorrow is for them.

{¶23} "***

{¶24} "A. Like I said, the case has been open for 21 months. The girls have been in foster care for 14 months. The boys have been in foster care for 13 months. There's been no progress with the parents regarding mental health concerns, drug and alcohol concerns, safety in their home, stable homes. I don't believe in a short amount of time or in a reasonable amount of time that that's going to occur when it hasn't occurred in the past 21 months." T. at 155-156.

{¶25} The depth of the evidence was in fact conceded by appellant's trial counsel at the close of appellee's case. T. at 201.

{¶26} The guardian ad litem's report filed June 21, 2010 also recommended permanent custody of the children to appellee.

{¶27} Upon review, we find the trial court had before it clear and convincing evidence to determine permanency to appellee was in the children's best interest.

{¶28} The sole assignment of error is denied.

{¶29} The judgment of the Court of Common Pleas of Guernsey County, Ohio, Juvenile Division is hereby affirmed.

By Farmer, P.J.

Edwards, J. and

Delaney, J. concur.

_s/ Sheila G. Farmer_____

_s/ Julie A. Edwards_____

_s/ Patricia A. Delaney_____

JUDGES

SGF/sg 216

IN THE COURT OF APPEALS FOR GUERNSEY COUNTY, OHIO

FIFTH APPELLATE DISTRICT


IN THE MATTER OF:                              :
                                               :
M.B., A.B., K.B., K.B.                         :
                                               :
                                               :          JUDGMENT ENTRY
                                               :
                                               :
                                               :          CASE NO. 10CA000035


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Guernsey County, Ohio, Juvenile Division is affirmed.  Costs to appellant.



                                        s/ Sheila G. Farmer_____



                                         s/ Julie A. Edwards_____



                                         s/ Patricia A. Delaney_____

                                              JUDGES